UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEATHER GAKER, an individual; on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CITIZEN'S DISABILITY, LLC,<br><br>Defendant. | CLASS ACTION COMPLAINT<br>--and--<br>DEMAND FOR JURY TRIAL |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Heather Gaker, on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action against Defendant, Citizen's Disability, LLC, for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq* and the Telemarketing Sales Rule ("TSR") 16 C.F.R. § 310.4(b)(1)(iii)(B).. In support of this Complaint, Plaintiff avers as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this Action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff and other Class members on their cellular telephone in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*. and related regulations specifically the National

Do-Not-Call provisions.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), because this case is a class action where the aggregate claims of all members of the proposed Class are in the excess of $5,000,000.00, exclusive of interest and costs.

3. This Court has personal jurisdiction over Defendant, which regularly conducts business within the State of Florida, and thus has significant, continuous, and pervasive contacts with the State.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff, Heather Gaker is a citizen and resident of Boynton Beach, Palm Beach County, Florida.

6. Defendant is a corporation with national headquarters located at 1075 Main Street, 4th floor, Waltham, Massachusetts 02451.

## FACTS CONCERNING THE PARTIES

7. Plaintiff has a cellular telephone number.

8. Plaintiff has only used this phone number as a cellular telephone.

9. Defendant repeatedly called Plaintiff on her cellular telephone for solicitation purposes.

10. Plaintiff did not consent to these communications.

11. Upon information and belief, Defendant lacks information establishing consent.[1]

---

[1] When asked about prior express consent, Defendant wrote as follows: "*perhaps* she opted-in from a public internet connection, a vehicle internet connection, a Starbucks, a library, a friend's WiFi, another computer or phone, an iPad or other tablet, or with a VPN to mask her IP - or *maybe* even from a prior residence that she owned or continues to own in Boynton Beach".

12. Defendant's calls were not made for "emergency purposes" rather the calls were made for solicitation purposes.

13. Plaintiff has been on the Do Not Call Registry since November 15, 2019.

14. When placing these calls to Plaintiff, Defendant used an automatic telephone dialing system and/or pre-recorded message.

15. Plaintiff knew that Defendant's calls were automated as the calls began with a noticeable pause and/or delay before a live representative came on the telephone to speak with Plaintiff.

16. Upon the initiation of calls or shortly thereafter, Plaintiff declined the services that Defendant had been offering and demanded that they stop calling her cellular telephone.

17. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted Defendant to stop placing calls to her cellular telephone, its continued calls could have served no lawful purpose.

18. Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff repeatedly.

19. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## CLASS ALLEGATIONS

20. Plaintiff brings this claim on behalf of a class, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), b(3).

21. This claim is brought on behalf of a Class consisting of all persons in the United States who received any solicitation/telemarketing telephone calls from Defendant to said

person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint and any all persons in the United States registered on the National Do-Not Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of this Complaint.

22. Excluded from the Class are the Defendant, the officers and directors of the Defendant at all relevant times, members of the Defendant's immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

23. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitations to particular issues, as discovery and the orders of this Court warrant.

24. The identities of all class members are readily ascertainable from the Defendant's records.

25. Plaintiff's claims are typical of the class members, as all are based on the same facts and legal theories.

26. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests which might cause them not to vigorously pursue this action.

27. This action has been brought, and may properly be maintained, as a class action

pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. <u>Numerosity</u>: Under Rule 23(a)(1), Class Members are so numerous and geographically dispersed that their individual joinder of all Class Members is impracticable. The total number of members of the proposed Class is greater than 100 and exceeds the number required for jurisdiction under 28 U.S.C. § 1332(d)(2) and (d)(5)(B). Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

    b. <u>Common Questions Predominate</u>: Common questions of law and fact exist to all Class Members and predominate over questions affecting only individual Class members. Common legal and factual questions include but are not limited to, whether Defendant has called Class Members, whether or not Defendant had prior express consent to contact Class Members, whether or not Defendant used an automatic dialing system and/or pre-recorded or artificial voice in making said contact, whether Class Members were registered with the National Do-Not-Call Registry, and whether or not Class Members revoked consent to be contacted by Defendant.

    c. <u>Typicality</u>: The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff received automated calls from the Defendant although it lacked consent to contact her and despite her registration on the National Do-Not-Call Registry.  Plaintiff and all Class Members have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. <u>Adequacy</u>: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this class action lawsuit.

    e. <u>Superiority</u>: The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class Members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent and contradictory judgements. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

28. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

29. Based on discovery and further investigation, Plaintiff may, in addition to moving for class certification, use modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions.

## COUNT I
## DEFENDANT VIOLATED §227(b) THE
## TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

31. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

32. Defendant initiated multiple automated telephone calls to Class Member's cellular telephone using an automated message and/or prerecorded voice.

33. Defendant's calls to Plaintiff and Class Members were not made for emergency purposes.

34. Defendant had no prior consent to contact Plaintiff or other Class Members.

35. Defendant contacted Plaintiff and other Class Members despite the fact that they were on the Do Not Call Registry.

36. Defendant's calls to Plaintiff and other Class Members were made after Plaintiff and other Class Members had explicitly revoked any consent that was previously given.

37. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff and other Class Member's rights under the law and with the purpose of harassing Plaintiff and other Class Members.

38. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse

39. As a result of the above violations of the TCPA, Plaintiff and other Class members have suffered the losses and damages as set forth above entitling Plaintiff and other Class Members to an award of statutory, actual and trebles damages.

### COUNT II
### DEFENDANT VIOLATED §227(c) THE
### TELEPHONE CONSUMER PROTECTION ACT

40. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

41. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

42. Defendant contacted Plaintiff and other Class Members despite the fact that they were on the Do Not Call Registry.

43. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff and other Class Member's rights under the law and with the purpose of harassing Plaintiff and other Class Members.

44. The acts and/or omissions of Defendant were done unfairly, unlawfully,

intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse

45. As a result of the above violations of the TCPA, Plaintiff and other Class members have suffered the losses and damages as set forth above entitling Plaintiff and other Class Members to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANT VIOLATED
## THE TELEMARKETING SALES RULE

46. The Telemarketing Sales Rule ("TSR" prohibits telemarketers from initiating any outbound telephone call to a person when that person's telephone number is on the "do not call" registry, maintained by the Commission, of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services. 16 C.F.R. § 310.4(b)(1)(iii)(B).

47. Defendant placed calls to Class Members listed on the National Do-Not-Call Registry.

48. Plaintiff has been on the National Do-Not-Call Registry since November 15, 2019.

49. Since Plaintiff and other Class Members were on the Do Not Call Registry at the time Defendant placed calls to them, Defendant has violated the TSR.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class Members request that the Court enter and order or judgment against Defendant including:

1) A certification of the action as a class action under Rules 23(b)(2) and 23(b)(3) of the

Federal Rules of Civil Procedure, appointment of Plaintiff as Class Representative, and appointment of his counsel as Class Counsel;

2) All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and 15 U.S.C.A. § 6104(a) for damages under 16 C.F.R. § 310.4(b)(1)(iii)(B));

3) Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

4) Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

5) Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

6) The cost of bringing this suit, including reasonable attorney's fees; and

7) All other relief to which Plaintiff and members of the Class may be entitled by law or in equity.

## JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Dated:  5/29/2020

By: */s/  Craig Thor Kimmel*
*Craig Thor Kimmel, Esq.*
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Email: teamkimmel@creditlaw.com

*Attorneys for Plaintiff, Heather Gaker, and all others similarly situated*

`